IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD ALFRED SECHRIST AND | : | |
| GARY BRYANT KAUFFMAN, | : | |
|     Plaintiffs | : | No. 1:16-cv-1155 |
| | : | |
|     v. | : | (Judge Kane) |
| | : | |
| FARMLAND MUTUAL INSURANCE | : | |
| COMPANY, | : | |
|     Defendant | : | |

## MEMORANDUM

Before the Court is Plaintiffs Edward A. Sechrist and Gary B. Kauffman's motion to remand. (Doc. No. 5.) For the reasons that follow, the Court will deny Plaintiffs' motion.

## I.    BACKGROUND

This case is an insurance coverage dispute between Plaintiffs and Defendant insurer. (Doc. No. 1-2 ¶¶ 4, 5, 6.) On April 30, 2013, Plaintiffs Edward A. Sechrist and Gary B. Kauffman were involved in a motor vehicle accident and sustained catastrophic injuries. (Id. ¶¶ 4, 6.) Plaintiffs were allegedly employed by Clouse Trucking ("Clouse") at the time of the accident and Clouse was insured under a car insurance policy issued by Defendant Farmland Mutual Insurance Company ("Farmland Mutual"). (Id. ¶¶ 4, 5.) Plaintiffs received settlements following the accident, though Plaintiffs maintain that the settlements were insufficient to compensate them for their injuries and damages. (Id. ¶¶ 7, 10.)

On June 9, 2016, Plaintiffs filed a complaint for declaratory judgment in the Court of Common Pleas for Cumberland County, Pennsylvania. (Id. at 3.) Plaintiffs alleged that: (1) the auto insurance policy included coverage in the amount of $1,000,000.00 per accident for bodily injury liability; (2) Defendant offered underinsured motorist coverage with a limit of $35,000.00; and (3) Defendant violated 75 Pa. C.S. § 1731(a) by offering Clouse underinsured motorist

1

coverage limited to $35,000.00.  (Id. ¶¶ 13-18) (citing 75 Pa. C.S. § 1731(a)).  In their state court complaint, Plaintiffs sought underinsured motorist coverage in the amount of $1,000,000.00 for their claims arising out of the April 30, 2013 accident.  (See id. at 9.)

On June 15, 2016, Defendant filed a notice of removal, invoking this Court's diversity jurisdiction.  (Doc. No. 1 ¶7.)  Plaintiffs filed a motion to remand the case on June 23, 2016. (Doc. No. 5.)  The motion has been fully briefed and is ripe for disposition.

## II.    DISCUSSION

In support of their motion to remand, Plaintiffs argue that the Court should decline to exercise jurisdiction over this declaratory judgment action.  (Doc. No. 7 at 4-6.)  Specifically, Plaintiffs argue that the underlying action involves "an uncertain or undetermined question of Pennsylvania state law."  (Doc. No. 7 at 4.)  Defendants respond that the pertinent law has been settled in Pennsylvania since the Supreme Court of Pennsylvania's decision in Orsag v. Farmers New Century Insurance, 15 A.3d 896 (Pa. 2011).  (Doc. No. 9 at 2, 5-6.)

According to the Declaratory Judgment Act, federal courts "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relied is or could be sought."  28 U.S.C. § 2201(a) (emphasis added).  Due to the permissive statutory language, "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites."  Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995) (internal citations omitted).

Insurance companies regularly remove declaratory judgment actions to federal court by "invoking diversity jurisdiction to seek a declaratory judgment on a purely state law matter." Reifer v. Westport Ins. Corp., 751 F.3d 129, 141 (3d Cir. 2014) (internal citations omitted.)  The

2

United States Court of Appeals for the Third Circuit responded to this practice by commenting that the "desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." State Auto Ins. Cos. v. Summy, 234 F.3d 131, 136 (3d Cir. 2000).  However, the Third Circuit also recently warned against "declining jurisdiction per se" when an insurer invokes "diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage."  Reifer, 751 F.3d at 147.  To aid in this determination, the Third Circuit has instructed district courts to use the following factors to decide whether to exercise jurisdiction:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy; (2) the convenience of the parties; (3) the public interest in settlement of the uncertainty of obligation; (4) the availability and relative convenience of other remedies; (5) a general policy of restraint when the same issues are pending in a state court; (6) avoidance of duplicative litigation; (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata*; and (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

Reifer, 751 F.3d at 146.  The Reifer panel also stated that, "[w]here state law is uncertain or undetermined, the proper relationship between federal and state courts requires district courts to 'step back' and be 'particularly reluctant' to exercise DJA jurisdiction."  Id. at 148.  Guided by these legal benchmarks, the Court considers whether remand is appropriate.

First, as to the "the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy," this factor weighs in favor of exercising jurisdiction in this matter.  Id.  There is no parallel state proceeding,[1] and a federal court

---

[1] In their brief in support, Plaintiffs urge the Court to consider the fact that Defendant Farmland Mutual previously filed a petition for interpleader in December 2015 in the Court of Common Pleas for Cumberland County, Pennsylvania.  (Doc. No. 7 at 2, 5.)  However, Defendant maintains that "there is no pending parallel state proceeding" (Doc. No. 9 at 4), and Plaintiff represents that the interpleader action "has been resolved by agreement of the parties

declaration would resolve the underlying insurance coverage dispute. (Doc. No. 9 at 4.)  Second,

the "convenience of the parties" factor does not weigh in either party's favor because: (1) this

Court and the Court of Common Pleas for Cumberland County are situated in adjacent counties,

and (2) neither party resides in either Dauphin County or Cumberland County.  (Doc. No. 1 ¶¶ 3-

4.)  The notice of removal provides that Plaintiff Kauffman is a Maryland citizen, Plaintiff

Sechrist is North Carolina citizen, Defendant is incorporated in Ohio, and Defendant's principal

place of business is located in Iowa.  (Id. ¶¶ 3-4.)

   As to the third consideration, "the public interest in settlement of the uncertainty of

obligation," neither party has identified a public interest that is at stake.  The fourth factor,

availability and convenience of other remedies, is similarly neutral because relief from this Court

and relief from the state court would both be effective.  Reifer, 751 F.3d at 146.  The fifth and

sixth factors are either neutral or weigh in favor of exercising jurisdiction because there is no

parallel state court proceeding.  The seventh and eighth Reifer factors are also inapplicable.

   Rather, the notice of removal represents that the parties are completely diverse, the

amount in controversy appears to exceed $75,000.00, and Plaintiffs have provided no support for

their claim that the underlying dispute involves an "uncertain or undetermined question of

Pennsylvania state law." (Doc. No. 7 at 4; see Doc. No. 1 at 1-2.)  Therefore, considering that no

parallel state action is ongoing and that the relevant Reifer factors appear to weigh in favor of

exercising jurisdiction, the Court will deny Plaintiffs' motion to remand.

## III.   CONCLUSION

   For the reasons discussed above, the Court will deny Plaintiffs' motion to remand.  An

order consistent with this memorandum follows.

---

that the $35,000.00 be paid without prejudice to the rights of the Plaintiffs to claim that
additional underinsured motorist coverage" (Doc. No. 7 at 2).